## Alma Schlatter, Appellee, v. Albert Triebel, Administrator, Appellant.

### Gen. No. 6,439.    (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917. Rehearing denied November 22, 1917.

### Statement of the Case.

Action by Alma Schlatter, plaintiff, against Albert Triebel, administrator of the estate of Henry G. Triebel, deceased, defendant, to recover $2,200 as part consideration for the purchase by defendant of plaintiff's father of the latter's laundry assets and business. From a judgment for plaintiff for $2,200, defendant appeals.

LEATON McC. BOGGESS and WEIL & BARTLEY, for appellant.

SCHOLES & PRATT and A. M. OTMAN, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1238*—*when party may not complain of error as to capacity in which sued.* Where appellant was equally responsible with appellee in assuming in the trial of the case that he was sued therein as administrator instead of as an individual, *held* that he is not in the position to complain on appeal of the error, and that the jury were misled to his prejudice thereby.

2. PLEADING, § 32*—*what may be treated as surplusage.* Where action was brought against two defendants upon a declaration containing several counts, some of which charged a joint liability and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

one of which charged an individual liability of one defendant and also a joint promise of the two to pay the debt, and at the close of plaintiff's evidence the action was dismissed as to the one not so charged with individual liability and continued to judgment against the other so charged, and there was no evidence showing or tending to show a joint liability, *held* that the charge of a joint promise in the count charging such individual liability might be rejected as surplusage and recovery be had under such count on such liability.

3. APPEAL AND ERROR, § 1458*—*when fact that there is no proof of bill of particulars is immaterial.* Where a bill of particulars showing joint liability was filed with a declaration, some counts of which charged joint liability and one count of which charged individual liability of one defendant, under which count no bill of particulars was required, and upon which count only, issue was joined, trial had and judgment entered, the fact that there was no proof of such bill of particulars was not ground for reversal.

4. INSTRUCTIONS, § 114*—*when instruction is applicable to issue of consideration for promise.* An instruction in effect that if the jury believed from the evidence that defendant purchased a certain business from plaintiff's father who owed her a certain amount of money and thereupon promised and agreed to pay said amount they should find the issues joined for plaintiff, was not erroneous as ignoring the question of consideration under the issue tried, as, if defendant made the promise, he made it as part of the transaction in which he acquired the business, and that furnished the consideration.

5. APPEAL AND ERROR, § 1535*—*when instruction on preponderance of evidence is not reversibly erroneous.* An instruction as to preponderance of evidence, stating various elements to be considered by the jury in determining same without including that of the number of witnesses, *held* not reversibly erroneous where it tended rather to prejudice the party offering same, who had two witnesses to the opposite party's one, on a material issue.

6. APPEAL AND ERROR, § 1410*—*when judgment is not against weight of evidence.* A judgment was not against the weight of the evidence where the situation particularly required a view of the witnesses and hearing their spoken words to aid in a proper conclusion in considering certain letters also introduced in evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.